UNITED STATES of America,
Libelant,

v.

ONE 1954 MODEL CHEVROLET TUDOR
COACH AUTOMOBILE MOTOR
NUMBER 0382298F54Z,

Atlantic Finance Company, a Corporation, Claimant.

No. 1503.

United States District Court
S. D. Alabama, S. D.

Dec. 22, 1955.

Thomas M. Haas, Asst. U. S. Atty., Mobile, Ala., for libellant.

Irvin J. Langford, of Howell & Johnston, Mobile, Ala., for claimant.

THOMAS, District Judge.

On May 27, 1955, the United States filed libel of information under the provisions of Sections 7301 and 7302 of the Internal Revenue Code of 1954, 26 U.S. C.A. §§ 7301, 7302, seeking forfeiture of the vehicle described in said libel.

On June 3, 1955, the Atlantic Finance Company, a corporation, filed a petition for remission of forfeiture as owner of a conditional sales contract on said vehicle. The case was tried on its merits on August 1, 1955.

On September 8, 1955, the court made its findings of fact and conclusions of law denying relief sought by petitioner herein, and on September 13, 1955, petitioner filed a motion for new trial and for a reconsideration of the facts and reversal of the order of September 8, 1955, which motion was heard on October 14, 1955; and the court being of the opinion that the motion for reconsideration was well founded, the court has here-

in revised its findings of fact and conclusions of law.

At the time of said trial on August 1, 1955, and in open court, it was stipulated by and between the parties in this cause that the facts alleged in the libel were true and correct. Whereupon counsel for the libelant moved the court for an order declaring the vehicle herein condemned and forfeited to the United States of America. This court granted said motion.

It was further stipulated by and between the libelant and the petitioner that Sallie Catrett, alleged purchaser of the vehicle herein, had no record or reputation for dealing with illegal intoxicating liquors, that Steve R. Finch, the person in possession of the vehicle at the time of seizure, did have such a record and reputation for dealing with illegal intoxicating liquors and that the Atlantic Finance Company, a corporation, the petitioner, was the owner of a duly executed conditional sales contract with a balance due of $861.72, and it was further stipulated that the only issue involved in the petition for remission of forfeiture was the question of whether or not Atlantic Finance Company had notice or knowledge that Mrs. Catrett was acting as a "straw purchaser" of this automobile for Steve R. Finch, a known bootlegger.

### Findings of Fact.

In the latter part of March 1955, Steve R. Finch went to New Car Sales Company in Mobile, Alabama, which sales company was an automobile dealer not connected with the petitioner, Atlantic Finance Company, and not at any time an agent of Atlantic Finance Company. Steve R. Finch discussed the purchase of said automobile with New Car Sales Company; Steve R. Finch then made a down payment with the New Car Sales Company on the automobile involved herein. A representative of the New Car Sales Company, together with Steve R. Finch, went to Atlantic Finance Company, a corporation, petitioner herein, in order to have said company agree to finance the balance due on the vehicle by purchasing at a discount from New Car Sales Company a conditional sales contract to be executed by Finch to New Car Sales Company. The petitioner obtained a retail credit report on Steve R. Finch and determined that Steve R. Finch had a record or reputation for violating the Internal Revenue Laws as such laws relate to liquor. Petitioner herein refused to purchase a conditional sales contract executed by Steve R. Finch on said vehicle to finance the balance due.

Subsequently Steve R. Finch had a brother apply with the petitioner to purchase a conditional sales contract on the said automobile. Petitioner obtained a credit report on Steve R. Finch's brother and refused to purchase the brother's conditional sales contract. Subsequently Steve R. Finch obtained one Mrs. Sallie Catrett to buy this automobile for him. Mrs. Sallie Catrett applied with the petitioner in person, and without Steve R. Finch being present, but accompanied by a representative of New Car Sales Company, to buy this automobile. Petitioner then obtained a credit report on Mrs. Catrett and agreed to purchase from New Car Sales Company the conditional sales contract of Mrs. Catrett. The court thus finds as a matter of fact that the transaction which occurred in this case, was, from the evidence and from the agreed statement of fact, what is commonly known as a "straw purchase".

John Malpas, manager of the petitioner's Mobile office, testified that he had witnessed the signing of the conditional sales contract by Mrs. Sallie Catrett, and that he had obtained from the retail credit bureau a credit report on Mrs. Sallie Catrett; and he further testified that he had no notice or knowledge that Mrs. Catrett was purchasing the vehicle involved herein for any one other than herself. He also testified that, on automobile transactions between the finance company and automobile dealers of this type, the dealer would retain the down payment; and that Atlantic Finance

Company had no notice or knowledge that any one other than Mrs. Catrett had made the down payment for the automobile libeled herein.

Sammy Varachulus, the agent of Atlantic Finance Company who had handled the preliminary negotiations between Atlantic Finance Company and New Car Sales Company of the sale to Mrs. Catrett of the automobile libeled herein, testified that he had no notice or knowledge that Mrs. Catrett was purchasing this automobile for any one other than herself.

Mrs. Sallie Catrett testified as a government witness, stating that she had not informed Atlantic Finance Company at any time that she was purchasing the automobile in question for any one other than herself. She further testified that Steve R. Finch did not accompany her when she went to Atlantic Finance Company to sign the papers for the purchase of said automobile.

All witnesses for the petitioner denied having any knowledge of the fact that a "straw purchase" contract was actually involved and that the actual purchaser of the motor vehicle was Steve R. Finch.

Steve R. Finch, also testifying as a government witness, stated that he had made the down payment on the vehicle herein to New Car Sales Company but was told later by a representative of the petitioner herein, when he went to its office, that they could not finance the vehicle because he had a record as a violator of the Internal Revenue Laws as such laws relate to liquor. He further stated that the petitioner herein also refused to finance the car for his brother for the same reason. He further stated that every time he went to the Atlantic Finance Company office, either by himself or with his brother, he was turned down. He further testified that he did not inform Atlantic Finance Company he was obtaining a "straw purchaser" or that Mrs. Catrett was purchasing the automobile involved herein for him. He

further stated that he did not go with Mrs. Catrett to Atlantic Finance Company to sign the conditional sales contract.

There was no evidence introduced by the libelant to show that Atlantic Finance Company did have notice or knowledge that the contract was purchased by Mrs. Catrett as "straw purchaser" for Steve R. Finch.

The testimony of Melvin Sanders, salesman for New Car Sales Company, showed that New Car Sales Company was in no way a part of or connected with, Atlantic Finance Company. Sanders testified that Finch had made the down payment on the automobile at New Car Sales Company and that this down payment was retained by New Car Sales Company, and petitioner had no knowledge of who made the down payment.

Sanders further testified that he had not told Atlantic Finance Company of the "straw purchase" by Mrs. Sallie Catrett. Sanders testimony indicated that he knew of the "straw purchase" but he maintained that Atlantic Finance Company did not know of this "straw purchase".

## Conclusions of Law.

The court finds upon a reconsideration of the facts in this case that the petitioner has met the burden of proof to show that it had acquired its interest in said automobile in good faith and that it had at no time before acquiring such interest any knowledge and/or reason to believe that the automobile would be used in violation of the laws of the United States or of any state as they relate to liquor; and petitioner is therefore entitled to remission of forfeiture as provided by law in Section 3617 of Title 18, United States Code. The court being of the opinion that petitioner has met said burden of proof, it is therefore concluded as a matter of law that the petition for remission of forfeiture by Atlantic Finance Company, a corporation, should be granted.